# Clearfield Independent School District.

1. An order to commissioners to view for an independent school district must direct at least ten days' special notice to be given to the school directors of the district from which the new one is to be taken.

2. An order was for notice " to the inhabitants, &c., and also special notice to the school directors of said township by twenty printed notices put up, &c., at least ten days," &c. *Held* to be insufficient.

3. The commissioners reported that they gave " the required notice by twenty printed notices put up, &c., ten days before the time of said meeting, and also notified the school directors, &c., of said time, place and purpose of meeting." *Held*, that the notice stated in the report was not sufficient.

4. Wilkins School District, 20 P. F. Smith 108, a governing case.

November 17th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Certiorari to the Quarter Sessions of *Butler county:* Of October and November Term 1875 No. 244.

At the October Session 1873, of the court below, a number of the taxable inhabitants of Clearfied township petitioned the court for the appointment of commissioners to report upon the expediency of establishing an independent school district, within school district of Clearfied township.

On the 1st of December 1873, commissioners were appointed.

[Clearfield Independent School District.]

The order, after setting out the allegations and prayer of the petition, concludes : " Whereupon the court appoints Henry Pillow, &c., commissioners, who, having given notice to the inhabitants of said township of Clearfield of the time and place of meeting, and also special notice to the school directors of said township, by twenty printed notices, put up in the most public places in said township, at least ten days before the time of their meeting," * *· * to report, &c.

The commissioners reported :—

* * * " We gave the required notice by twenty printed notices, put up in the most public places in Clearfield township, of the time, place and purpose of meeting, ten days before said time of meeting ; and also notified the school directors of said Clearfield township, of said time, place and purpose of meeting. And that, in pursuance of said notice, we met," &c.

The commissioners further reported that in their opinion an independent school district, as designated in their report, was expedient, &c.

The school directors filed exceptions to the report ; one was : " That the requisite notice was not given," &c.

On the 31st of July 1875, the exceptions were overruled and the report was confirmed.

The exceptors removed the record to the Supreme Court by certiorari. In several specifications they assigned for error that due notice had not been given by the commissioners to the inhabitants of the school district of the time and place of the meeting of the commissioners to view the premises ; and that they had not given " ten days' special notice " of the meeting to the school directors of Clearfield school district.

*J. Greer*, for certiorari, cited Acts of May 8th 1855, Pamph. L. 509 ; May 20th ·1857, Pamph. L. 587, 1 Br. Purd. 237, *et seq. ;* Wilkins School District, 20 P. F. Smith 108 ; Bethel Township, 1 Barr 97 ; Sewickley Township, 9 Casey 297.

*L. McQuiston*, contrà.

Judgment was entered in the Supreme Court, November 24th 1875,

Per Curiam.—In the case of Wilkins Township School District, 20 P. F. Smith 110, the subject of independent school districts was carefully examined and the legislation relating thereto referred to. One of the conclusions arrived at in that case was, " that in addition to the general public notice given by the commissioners by handbills or otherwise, at least ten days' special notice should be given to the school directors of the district out of which it is sought to lay off an independent district." The reasons are given and amply

[Clearfield Independent School District.]

sustain the rule. In this case, the school directors of Clearfield township are the plaintiffs in error, and therefore the rule should be asserted in all its vigor. The provision for notice contained in the order to the commissioners in this case was a departure from the rule. The order, after reciting the names of the commissioners appointed, proceeds: "who having given notice to the inhabitants of said township of Clearfield of the time and place of meeting, and also special notice to the school directors of said township, by twenty printed notices put up in the most public places in said township, at least ten days before the time of their meeting," &c. Thus both the general and special notice is to be by handbills put up in public places. This is clearly not the *special* notice to the directors required by the rule established in the case of Wilkins township. The notice set forth by the commissioners in their report does not supply the defect of the order, for it is not said when the notice was given. It might have been given on the morning of the day the commissioners met. The object of notice to the directors is that they, as the guardians of the interests of the schools, may examine into the subject, and come prepared to show to the commissioners how the proposed new district will affect the public interest. A proper exhibition of this might change thoroughly the views of the commissioners, and prevent a report or show its necessity, as the case might be. We think the proceeding is fatally defective in these respects, and must be set aside. The order and decree of the court establishing an independent district is reversed, and the proceedings set aside.